(115 App. Div. 364)

### SAMPERS v. CONOLLY et al.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

SUBROGATION—PROTECTION OF INTEREST IN PROPERTY.

Where a receiver was appointed to receive the rents of certain real estate, and the order appointing him directed him to apply the rents to the payment of any mortgages, one having an interest in the real estate, and who had paid the interest on a mortgage to prevent foreclosure, was entitled to be subrogated to the rights of the mortgagee, and receive payment from the receiver.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Subrogation, §§ 60, 48.]

Appeal from Special Term, New York County.

Action by Isidore H. Sampers, individually, and as executor of Edward Conolly, deceased, for a settlement of his accounts as executor, and for a determination of the rights of himself and others in respect to certain real estate devised by testator. Appeal by Agnes Hunt Conolly from an order denying a motion made by her, for an order directing a receiver appointed in the cause to pay her a sum of money. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frank B. Vermilyea, for appellant.
Henry M. Ward, for respondents.

INGRAHAM, J. It seems that one Edward D. Conolly died on the 12th day of April, 1898, leaving a last will and testament whereby he devised his real property to his widow and children in equal shares, appointing the plaintiff his executor. The widow, being the owner of an undivided fifth of the property, died in 1902, leaving a last will and testament, in which she devised her interest in this real property to Agnes Hunt Conolly, the wife of Henry A. Conolly, one of the children of the testator. Since the death of Edward D. Conolly his executors have collected the rents of the property, and distributed the proceeds among those owning it. After the death of Edward D. Conolly certain premises which had belonged to him, and had passed under his will, were mortgaged to secure the payment of $62,000 to the Metropolitan Savings Bank; the bond to secure which this mortgage was given being executed by all those owning the property, including Agnes Hunt Conolly. Subsequently the plaintiff commenced this action for a settlement of his accounts as executor, and for a determination of the rights of the respective parties to this real property, and for an accounting for the rents of the property. There having been a dispute among the parties as to whom the rents should be paid, a receiver of the rents of the property was appointed who has received the rents. The order appointing the receiver directed him to apply the rents received by him to the payment of the interest due upon any and all mortgages covering the real estate specified in the interlocutory judgment. The receiver having collected the rents applied to the mortgagee to pay the interest on the mortgage to the Savings Bank

when he was informed that the interest had been paid and the Savings Bank refused to receive the amount. It then appeared that the defendant Agnes Hunt Conolly before the appointment of the receiver to protect the property had paid the interest to the Savings Bank. Thereupon Agnes Hunt Conolly applied to the court for an order directing the receiver to repay to her the interest that she had paid amounting to $1,550, with interest from December 12, 1905. This motion was denied, and, from the order entered thereon, Agnes Hunt Conolly appeals.

I think this motion should have been granted. There is no question, but that the appellant paid this money to the mortgagee to prevent a foreclosure. It was paid to protect the interest of all these interested in the property, and I think that she became subrogated to the right of the mortgagee, and, as such, entitled to be repaid the money paid by her for the protection of the property. While probably the receiver was right in refusing to repay the money without an order of the court, I think the court should have directed that it be repaid out of the rents of the property collected by the receiver.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to be paid out of the fund in the hands of the receiver. All concur.